# Ritter, *et al. v.* Hoy.

## *Assumpsit.*

(Decided May 31, 1911.   55 South. 1034.)

1. *Judgment; Requisites; Pleading.*—A complaint which does not disclose a substantial cause of action will not support a judgment.

2. *Same; Substantial Cause of Action.*—A complaint on a note not due when suit is brought does not state a substantial cause of action within the terms of section 4143, Code 1907.

3. *Appeal and Error; Review; Requisites; Judgment.*—A judgment which is fatally defective because based on a complaint not stating a substantial cause of action may be assigned as error, although no demurrer was interposed to the complaint and the objection was not raised below.

[Ritter, et al. v. Hoy.]

4. *Action; Cause of Action.*—The term "cause of action" signifies the situation or state of facts entitling one to sustain an action; a right of recovery.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Assumpsit by S. L. Hoy against C. D. Ritter and others. Judgment by default for the plaintiff and the defendant appeals. Reversed and remanded.

GASTON & PETTUS, and C. D. RITTER, for appellant. The complaint did not state a sufficient cause or right of action, and hence, will not support a default judgment, and this question may be raised on appeal for the first time.—*Browder v. Gaston,* 30 Ala. 677; *Taylor v. Jones,* 52 Ala. 78; *Winnemore v. Matthews,* 45 Ala. 449; *Childress v. Mann,* 39 Ala. 206. "A cause of action" will be found defined in 6 Cyc. 705, and authorities cited. A suit on the note before the note is due, does not state a substantial cause of action.—*Randolph v. Cook,* 2 Port. 386.

WALLACE T. WARD, for appellee. Counsel insist that there is no bill of exceptions in the cause and no error apparent on the record, and that, therefore, the appeal should be dismissed.

WALKER, P. J.—This is an appeal from a judgment entered by default, on the 25th day of April, 1910, on a complaint filed on the 26th day of January, 1910, which counted on a promissory note alleged to have been made by the defendants on the 1st day of February, 1910. It is to be observed that, according to the averments of the complaint, the note sued on was made after the suit was brought, and was not yet due at the time the judgment was entered.

A complaint which does not disclose a substantial cause of action affords no legal support for a judgment, and a judgment fatally defective because of the absence of such necessary support may be assigned as error, though there was no demurrer to the complaint, and the objection was not raised in the court below.—*Louisville & Nashville R. Co. v. Williams,* 113 Ala. 402, 21 South. 938; *Douglas v. Beasley,* 40 Ala. 142; *Emanuel v. Ketcham,* 21 Ala. 259; *Browder v. Gaston,* 30 Ala. 677. Section 4143 of the Code of 1907, does not protect a judgment so vitally defective.

The question in this case is whether a complaint, counting on a promissory note, not due at the time the suit is brought, can be said to contain " a substantial cause of action," within the meaning of that language as used in the section of the Code just cited. In the case of *Randolph v. Cook & Ellis,* 2 Port. 286, it was decided that a suit brought on a promissory note before it was due was premature, and that a judgment for the plaintiff in such suit, entered after appearance and plea by the defendant, was available in error.

For the term "cause of action," a number of definitions may be found in the authorities, differing principally in the modes of expression adopted, not in what is commonly regarded as essential requirements. The definitions given by the Century Dictionary are: "The situation or state of facts which entitles a party to sustain an action; a right of recovery." Several definitions of the term are quoted in 3 American & English Enclyclopedia of Law (1st Ed.) 46, among them the following: "A right to bring an action, which implies that there is some person in existence who can assert, and also a person who can lawfully be sued." "It is the right which a party has to institute and carry through an action." "The right to prosecute an action with effect."

[Ritter, et al. v. Hoy.]

It is "synonymous with right of action—right of recovery, and a complaint which does not show a right of recovery fails to show a cause of action." "It is composed of the right of the plaintiff and the obligation, duty, or wrong of the defendant. These combined, it is sufficiently accurate to say, constitute the cause of action." The compilation, Words and Phrases, also contains a number of illustrations of the varying expressions used to convey substantially the same meaning. Under none of the definitions can it be said that a promissory note confers upon the payee a cause of action against the maker, before the maturity of the paper. He holds the obligation of the maker, but has no right of action against him for the collection of the debt, before it is payable according to the terms of the promise. The note puts the maker under the duty to pay, but that duty is not enforceable by suit, until there has been a breach of it by a failure to pay at the time named. Before the arrival of that time, the payee is not in a situation entitling him to sustain an action on the instrument; he is without a right of recovery against the maker. It seems plain that before the maturity of the note the payee is not thereby vested with a "cause of action" against the maker.

As the complaint in this case did not "contain a substantial cause of action" against the defendants, the judgment by default entered thereon must be reversed.

Reversed and remanded.