## Potter v. Tucker, et al.

### Assumpsit.

(Decided November 24, 1914. 66 South. 922.)

1. *Appeal and Error; Record; Conclusiveness.*—A judgment entry reciting that defendant did not appear, is conclusive in the absence of a contrary showing by the record itself.

2. *Same; Harmless Error; Judgment.*—Where an appeal is taken from a judgment in a justice court and the defendant failed to appear in the circuit court, any error in rendering a judgment by default instead of nil dicit, is harmless.

3. *Justice of the Peace; Pleading;. Waiver of Defect.*—Where the complaint in the justice court, on which judgment by default is rendered in the justice court, does not state a cause of action, the defect is not waived by filing an appeal bond, if it be conceded that it constituted an appearance.

4. *Same; Judgment; Default.*—Under subdivision 2, sec. 4974, a complaint filed in suit in a justice court on an undated note with interest due two, four and six months from January 27, is sufficient to authorize a default judgment in the circuit court on the same complaint, where a writ of inquiry is there awarded, and the jury assessed the damages.

5. *Bills and Notes; Pleading; Date.*—A count on promissory notes is demurrable where it fails to state the year of the execution of the notes.

6. *Same.*—Date in general is not essential to a bill or note; if there be no date, it will be considered, as dated at the time it was made.

7. *New Trial; Remission of Damages.*—Where the action was on promissory notes and judgment was by default, it was within the power of the court upon motion for new trial by defendant to permit plaintiff to remit part of the damages assessed on the writ of inquiry, as excessive, and to enter judgment for the balance.

APPEAL from Etowah Circuit Court.

Heard before Hon. J. E. BLACKWOOD.

Assumpsit by J. W. Tucker, and T. W. Morrow against G. W. Potter. Judgment for plaintiff and defendant appeals. Affirmed.

GEORGE D. MOTLEY, for appellant. The complaint was not sufficient to support a cause of action in that it failed to state the day, month and year of the notes. —*Central L. Co. v. McClure L. Co.,* 61 South. 821; *Sloss-Sheffield v. Sampson,* 158 Ala. 590. The appeal being from a justice court the complaint should have been filed in the circuit court, and a judgment in the circuit court without such complaint is erroneous.— *Simmons v. Titche,* 102 Ala. 317. The complaint did not state a cause of action and the error can be here assigned for the first time.—*Ritter v. Hoy,* 1 Ala. App. 642. It was error to render judgment by default as it should have been nil dicit.—*Green v. Jones,* 102 Ala. 303; *Clements v. Mayfield,* 128 Ala. 332.

ALTO V. LEE, for appellee. Date in general is not essential in a bill or note.—*Aldredge v. Branch Bank,* 17 Ala. 45. Having omitted to plead to the complaint, it was sufficient to sustain the judgment by default.—*Carter v. Hunter,* 3 Ala. 30; *Kyle v. Caravella,* 103 Ala. 150; *McGhee v. Childress,* 2 Stew. 506. The defect was such as could have been amended, and is cured by our statutes of amendment.—Sec. 4143, Code 1907; *Reife v. Valentine Co.,* 45 Ala. 286. A default suffered waives all informality.—*Mount v. Stewart,* 86 Ala. 365. The entry of a judgment by default instead of nil dicit was a mere informality and not reversible.—*Elyton L. Co. v. Morgan,* 88 Ala. 434; *Atlantic G. Co. v. Paulk,* 83 Ala. 404.

PELHAM, P. J.—The complaint on which the case was tried in the justice's court certified in the transcript

from that court filed in the circuit court, and upon which judgment by default was rendered, was on three promissory waiver notes, averring the notes to have been executed on the 27th day of January (without stating the year), and payable two, four, and six months from date, with interest.

The judgment entry, stating that the defendant did not appear in the circuit court is conclusive, in the absence of anything to the contrary shown by the record; and even though it be conceded that the defendant had been brought into that court because of having given an appeal bond, an appearance of that nature would not be a waiver of the defects as to the complaint not stating a cause of action if such was the case. It is argued, however, that the defendant brought himself into court by giving the appeal bond, and that the recital in the judgment entry that the judgment was by default is a mere statement of a matter of form that must yield to the facts which show that the proper judgment to render was nil dicit and not by default. However that may be, this appearance (if we deem it to be an appearance) would not be a waiver of any fatal defect in the averments of the complaint.—*Emanuel v. Ketchum,* 21 Ala. 257. It would appear from what is said in *Hardee v. Abraham,* 133 Ala. 341, 32 South. 595, that when the defendant fails to appear in the circuit court, to which he has appealed his case from a justice's judgment, the proper judgment to render is a judgment by default.— See, also, *Davis v. Curry,* 85 Ala. 133, 4 South. 734. But, whether a judgment by default or a judgment nil dicit was proper, this is a mere irregularity relating to a matter of form which does not prejudice the appellant, the defendant in the trial court, and could not work a reversal of the judgment.—*Atlantic Glass Co. v. Paulk,* 83 Ala. 404, 3 South. 800; *Elyton Land Co. v. Morgan &*

*Co.,* 88 Ala. 434, 7 South. 249; *Home Protection Co. v. Caldwell Bros.,* 85 Ala. 607, 5 South. 338; *Ex parte Parker, et al.,* 172 Ala. 136, 54 South. 572.

The question for determination on the appeal is, then, brought to this consideration: Did the complaint disclose a substantial cause of action that will support the judgment rendered?

The count is clearly demurrable for failing to state the year of the execution of the note, but the judgment entry set out in the record shows that the judgment by default was granted with leave to execute a writ of inquiry; that the writ was executed, and the jury ascertained and assessed the damages. What proof the jury had before them in assessing and fixing the plaintiff's damages we cannot know, in the absence of a bill of exceptions. The notes declared on as described in the complaint were dated on the 27th day of January of a year not stated, and due two, four, and six months after date. Suit was not brought on them until August, and it will be seen that, no matter in what previous January of any year the notes were made, they would all have been due in August, when the suit was brought.

"Date in general is not essential to a bill or note. If there be no date, it will be considered as dated at the time it was made."—*Aldridge v. Bank,* 17 Ala. 45, 47.

The third headnote in the case of *Boykin v. Bank of Mobile,* 72 Ala. 262, 47 Am. Rep. 408, is in the following language:

"A promissory note ought, regularly, to express on its face the time at which it is payable; and if no time is expressed, or plainly manifest, and a blank is left for the insertion of a day of payment at the option of the payee, resort may be had to extrinsic evidence, showing the circumstances under which the note was executed, and the design of the parties in executing it, in order to

explain an evident omission, and to fix the time at which it was intended to make the note payable."

The notes, as described in the complaint declared upon were not void for uncertainty; at most there was but an ambiguity or uncertainty in the date as to the year they were executed affecting the amount of interest recoverable; and it is provided by the negotiable instruments law that, where the note·is ambiguous and provides for the payment of interest "without specifying the date from which interest is to run, the interest runs from the date of the instrument, and, if the instrument is undated, from the issue thereof."—Code, § 4974, subd. 2. For aught we know, the introduction in evidence of the note itself in executing the writ of inquiry removed the ambiguity and furnished the means for correcting the deficiency, or its date of issuance was proven. The complaint upon which the judgment was rendered was the same complaint filed in the justice's court, where the pleadings are not governed by strict technical rules (*Freeman v. Speegle*, 83 Ala. 191, 3 South. 620), and we think it sufficient to support the default judgment rendered.

The case of *Ritter et al. v. Hoy*, 1 Ala. App. 643, 55 South. 1034, cited by appellant, is not in the way of our holding in the instant case. The complaint in that case contained averments affirmatively showing that the note sued upon "was made after the suit was brought and was not yet due at the time the judgment was rendered." The averments in the complaint we have here considered do not show that fatal defect, but its infirmity is of another nature and presents an entirely different case, as will readily be seen from what we have said with respect to its allegations, showing no more than an ambiguity that might be removed by proof.

[Day v. Adcock.]

It was within the authority of the court, and entirely proper upon the hearing of the defendant's motion for a new trial, to permit the plaintiff to remit a certain part of the damages assessed by the jury as excessive, and to enter judgment for the balance.—*Hopkins v. Orr*, 124 U. S. 510, 8 Sup. Ct. 590, 31 L. Ed. 523; *Kennon v. Gilmer*, 131 U. S. 22, 9 Sup. Ct. 696, 33 L. Ed. 110.

No error is shown, and the judgment appealed from will be affirmed.

Affirmed.