# Baker *v.* Clark.

### Deceit in the Sale of Timber.

(Decided April 20, 1915.   68 South. 593.)

1. **Appeal and Error; Review; Presentation Below; Complaint.**—Under § 2469, Code 1907, a complaint for deceit which does not allege that the representations were known to be false fails to state a substantial cause of action, and a judgment thereon cannot be sustained on appeal notwithstanding the provisions of § 4143, Code 1907.

2. **Contract; Rescission; Misrepresentation.**—Innocent misrepresentations may furnish ground for the rescission of a contract, but will not sustain an action for deceit.

3. **Charge of Court; Ignoring Issues.**—Where the action was for deceit in the sale of timber, a charge directing a verdict for plaintiff if the jury found that defendant's agent misrepresented to plaintiff that certain land was included within the description of that on which the timber was sold, was erroneous as ignoring the question of knowledge of the falsity of the representation.

4. **Principal and Agent; Liability; Fraud of the Agent.**—A principal is liable for the fraudulent acts of his agent within the scope of his employment, although such acts were not authorized by the principal or known to him.

5. **Same; Scope of Authority.**—Fraudulent misrepresentation of an agent without the authority of the principal, by which another was induced to buy property of the principal, are not within the scope of the agent's authority, and not binding on the principal unless ratified by him.

6. **Same; Ratification.**—Where the principal brings an action to enforce a contract of sale made by his agent, the principal is bound by the representations of the agent in making the contract, although such representations were not authorized by or known to the principal.

7. **Same.**—Where the purchaser, upon discovering the fraud of the agent, informed the agent and offered to rescind, the refusal by the principal of such offer is a ratification of the agent's fraud.

8. **Same.**—The receipt and retention by the principal of the purchase money without a knowledge of the agent's fraud in making the sale does not amount to a ratification of the acts of the agent.

[Baker v. Clark.]

9. **Same; Evidence.**—The evidence examined and held not to show that the principal authorized the agent to misrepresent the location of the land described or that the principal knew before the suit was brought that such representation had been made, and that as matter of law the principal was not liable for the deceit.

APPEAL from Tuscaloosa Circuit Court.

Heard before Hon. BERNARD HARWOOD.

Action by Fred Clark against J. E. Baker, revived in the name of Carrie A. Baker, as administratrix. Judgment for the plaintiff, and defendant's administratrix appeals. Reversed and remanded.

All the counts, except 4, 6, and 7, as amended, were withdrawn, and trial was had upon the same. These counts alleged, in effect, that by and through his agent, Baker entered into negotiations with plaintiff, with the object and for the purpose of selling to plaintiff all of the merchantable timber 10 inches and upward in diameter at the stump upon certain land situated in Tuscaloosa county (here follows description). Plaintiff himself did not know the location of the boundary line, and went out to the said lands for the purpose of having the boundary lines pointed out to him and of inspecting the timber, and the defendant, through his said agent, pointed out to plaintiff, amongst other lands, a certain tract which was heavily timbered, and which contained about 160 acres, and which defendant, through his agent, represented to plaintiff to be a part of the land hereinabove particularly described, and plaintiff, believing that the land pointed out was a part of the lands above described, and relying upon the said representation so made to him that such was a fact, agreed to purchase the timber on the land which had been pointed out to him, at and for the sum of $2,000, and that afterwards defendant executed and delivered to plaintiff his deed, conveying to plaintiff all the merchantable timber upon the land herein described, and that plaintiff, still relying on the representations that had been made to him, and still believing that the deed embraced the heavily timbered 160 acres of land above mentioned, paid to defendant the said sum of $2,000 in cash as the purchase money for the said timber which he believed himself to be buying; that the representation that said 160 acres of heavily timbered land was included in the description of the land sold was false, and that it was not included in said description; that such representation was of a material fact, operat-

ing to induce plaintiff to make said purchase, and that but for said representations plaintiff would not have purchased the timber, and would not have paid defendant the purchase money therefor. Demurrers were interposed to the complaint and overruled. The following are the charges given at plaintiff's request: "(2) The court charges the jury that if you believe from the evidence in this case that J. S. Baker was the agent of defendant for the purpose of negotiating the sale of the timber owned by defendant, then it does not matter whether or not defendant actually knew that J. S. Baker was negotiating to sell such timber to plaintiff, and if you further believe that the said J. S. Baker, in pointing out to plaintiff the timber which he represented to be owned by defendant, pointed out to plaintiff the E. ½ of N. W. ¼, section 29, and the E. ½ of the N. W. ¼ section 28, or any part thereof, and that plaintiff, closing the trade, relied on the representations as made by the said J. S. Baker, then you should return a verdict for plaintiff."

The other charges named in the opinion are similar to charge 2, and charge 2 serves to illustrate the meaning of the opinion relative thereto.

WRIGHT & FITE, and MOODY & MOODY, for appellant. MCKINLEY, MCQUEEN, ALDRIDGE & SNOW, for appellee.

THOMAS, J.— (1) "In all actions of deceit knowledge of the falsehood constitutes an essential element; but a fraudulent or reckless representation of facts as true, which the party may not know to be false, if intended to deceive, ·is equivalent to knowledge of the falsehood."—Code, § 2469; *Hockensmith v. Winton,* 11 Ala. App. 670, 66 South. 955; *McCoy v. Prince,* 11 Ala. App. 388, 66 South. 950; *Kilby Locomotive & Machine Works v. Lacy & Son,* 12 Ala. App. 464, 67 South. 754; *Moon v. Benton,* 13 Ala. App. 473, 68 South. 589.

The complaint in such actions must therefore allege, either expressly or in substance and effect, not only that the representations were false, but that they were knowingly false.—Authorities supra. If it does not, it fails to state a substantial cause of action, and a judgment predicated thereon cannot be sustained on appeal, even though no demurrers at all were filed to the complaint, or, if filed, even though they fail to point out

[Baker v. Clark.]

that the complaint is wanting in substance in the particular mentioned.—Authorities supra; Code, § 4143, and citations in Code under that section; *Linan v, Jones,* 134 Ala. 579, 33 South. 343; *Ritter v. Hoy,* 1 Ala. App. 643, 55 South. 1034.

(2) Innocent misrepresentations furnish ground for the rescission of a contract, but not for an action of deceit, as this is. ——Authorities first cited.

(3) Here, therefore, if we construe the complaint as wanting in its averments as to the knowledge of the falsity of the representations alleged to have been made, then the judgment of the lower court must be reversed for the failure of the complaint to state a substantial cause of action, and on the other hand, if we construe the complaint as containing such averment, then it was essential to plaintiff's right of recovery that such averment be proved; and the court must be reversed for giving those charges at plaintiff's instance which, in predicating his right to recover, ignored as one of the essential elements thereof the necessity for proving that the false representations charged were knowingly false.—*Kilby Locomotive & Machine Works v. Lacky* and other authorities supra. This vice is apparent in charges numbered 2, 3, 5, 6, and 7 given at plaintiff's request.

Accepting, therefore, either horn of the dilemma (either the complaint as not containing such averment, or the complaint as containing such averment, which we need not determine), it follows that the judgment must be reversed, where, on another trial, the complaint may, by amendment, be relieved of its uncertainty of verbiage in the particular mentioned. The cases first hereinbefore cited will serve as a sufficient guide for that purpose and to the court in charging the jury as to the proof sufficient to support an action of deceit.

The only question in the case not determined by the authorities cited is: Under what circumstances is a principal liable, in an action of deceit for the fraudulent misrepresentations of his agent, with respect to property belonging to the principal, by which another has been induced to buy such property, when the principal had no knowledge of the making of such misrepresentations by his agent and did not authorize them?

(4) In the American & English Encyclopedia of Law (2d Ed.) vol 1, p, 1158 et seq., we find this text: "As in other cases of tort, the principal is liable for the fraudulent acts of his agent

in the course and within the scope of his employment, though in fact the principal did not authorize the practice of such acts. Accordingly the fraudulent representations of an agent acting in the course of his employment, and in reference to business within the scope of his authority, will be binding on the principal, although in perpetrating the fraud the agent acted without the knowledge or consent of the principal."—1 Am. & Eng. Ency. Law (2d Ed.) 1158 et seq.; 14 Am. & Eng. Ency. Law (2d Ed.) 29; 31 Cyc. 1582 et seq.

Undoubtedly this correctly states the general rule of law obtaining in this state as to the liability of a principal or master for the torts of his agent or servant. See opinion on rehearing in *So. Bell Tel. Co. v. Francis*, 109 Ala. 224, 19 South. 1, 31 L. A. 193, 55 Am. St. Rep. 930; 4 Mayf. Dig. 140, § (b) 1; 5 Mayf. Dig. 640, § 8; 642, § 10; 6 Mayf. Dig. 582, § 14; Id. 738, § 14; 7 Mayf. Dig. 562, 739.

(5) But our Supreme Court have in effect held that fraudulent misrepresentations made by an agent, without the authority of the principal, with respect to the property of the principal, and by which another is induced to buy such property, are not within the scope of his employment and are not binding on the principal, unless subsequently ratified by him. Speaking for the court on this subject in the case of *Herring, et al. v. Skaggs*, 73 Ala. 454, Judge Brickell says: "It is an elementary doctrine that a principal may, by ratification, render himself liable for the unauthorized acts or declarations of his agent. And if an agent to sell defrauds a buyer dealing with him, the principal, not having authorized or participated in the wrong, is entitled to a rescission of the contract; but if, with knowledge of the wrong, he receives or retains the purchase money, he cannot claim immunity on the ground that it was the unauthorized act of the agent. * * * But merely receiving or retaining the purchase money will not operate a ratification, or involve the principal in liability for the fraud of the agent. Ratification is in the nature of a contract; it is the adoption of, and assent to be bound by, the act of another. There can be no ratification, unless there is a previous knowledge of all the facts and circumstances attending the act to be ratified."—*Herring et al. v. Skaggs, supra;* 31 Cyc. 1603 (c).

[Baker v. Clark.]

(6) Where, however, the principal becomes the actor in a suit against the purchaser, wherein he seeks to avail himself of the benefit of a contract of sale made for him with such purchaser by another, then, whether that other was an appointed or self-constituted agent, the principal is bound by the representations and methods employed by such agent to effect the contract, although they were not authorized and although the principal had no knowledge of them until after the bringing of the suit; and this, because the principal, by bringing the suit on the contract, impliedly ratifies it in toto, its burdens as well as its benefits, and will not be heard to say that he did not authorize and should not be bound by the misrepresentations, or even the warranties, of such agent in inducing the contract. In such case, therefore, the purchaser can plead, in recoupment or as a set-off to the action, so brought by the principal, the fraudulent misrepresentations, or even warranties, made by such agent in inducing the purchase, and may recover on such pleas without proving the authority of the agent to make such misrepresentations or warranties, since the principal, by bringing the suit on the contract, ratified the agent's acts in effecting it.—31 Cyc. 1257; *Williams v. Tyson*, 105 Ala. 644, 17 South. 336; *Gilliland v. Dunn*, 136 Ala. 327, 34 South. 25; *Fulton v. Sword Med. Co.*, 145 Ala. 334, 40 South. 393; *Holman v. Calhoun*, 40 South. 356.

(7) Likewise, we apprehend the same rule would obtain even where the purchaser is the actor, even in an action of deceit by him against the principal for the fraudulent misrepresentations of the agent; provided such purchaser shows on the trial that, before bringing the suit, he, upon discovery of the fraud, seasonably acquainted the principal therewith and offered to rescind the contract of sale, but that the principal refused. In such case, it occurs to us that the principal, by declining to rescind when informed of the fraud of his agent, thereby affirms the contract and ratifies, with full knowledge of the facts, the unauthorized acts of his agent in making the fraudulent misrepresentations which induced the contract, and is therefore estopped, in an action of deceit subsequently brought against him by the purchaser, from denying the authority of the agent.—*Hess v. Wahlgreen*, 50 Pac. 40; 31 Cyc. 1257; *Crawford v. Barkley*, 18 Ala. 270; *Jones v. Atkinson*, 68 Ala. 167; *Herring et al. v. Skaggs, supra.*

(8) But where, as here, there has not been, so far as appears, any offer by the purchaser to rescind, or any ratification, either express or implied, by the principal (the receipt and retention by him of the purchase money, without a knowledge of the agent's fraud, not amounting, as seen, to a ratification—*Herring v. Skags, supra;* Id., 62 Ala. 186, 34 Am. Rep. 4; *Brown v. Bamberger, Bloom & Co.,* 110 Ala. 356, 20 South. 114; *Burns v. Campbell,* 71 Ala. 290), and the purchaser, instead of such principal, becomes the actor in a suit, and seeks thereby to hold the principal liable for the fraudulent misrepresentations of the latter's agent in inducing the contract of purchase, then the burden is upon such purchaser to show, as a prerequisite to his right of recovery, that the principal authorized such misrepresentation of his agent.—*Phillips & Buttorff Mfg. Co. v. Wild Bros.,* 144 Ala. 545, 39 South. 359.

(9) There is no evidence in the record tending in any wise to so show. It appears without dispute that the defendant, at the time the plaintiff was negotiating with defendant's father for the purchase of the property belonging to defendant here involved (to wit, the timber rights on certain described lands of the defendant in Tuscaloosa county, Ala.), resided in the state of Texas, to which state he had removed several years before from the land in question, leaving, at the time of his removal, his said father in charge of the said lands and to look after for him in the way of renting them out and paying taxes thereon; that the plaintiff applied to the father in Tuscaloosa county, Ala., as defendant's agent (defendant being, as said, in Texas), to buy the timber rights on the tract, but, before making an offer as to price, had the father to point out to him, the plaintiff, the boundaries or lines of the land, of which the plaintiff was ignorant. The father, as the plaintiff contends, but which the father denies, did, in pointing out such lines or boundaries, put them at such place as to include a tract of fine-timbered land that was not in fact a part of defendant's land, but belonged to others. The plaintiff, however, upon the strength of the father's representation that it, this particular timbered tract, constituted a part of defendant's land, was, as he contends, induced to offer, and did offer, $2,000 for the timber rights on defendant's lands, which, without the tract mentioned, was not worth near that price. The father agreed to submit the proposition to

his son, the defendant, who, as said, was in Texas, and did, after plaintiff's counsel had drawn up a deed for the son, if he accepted the offer, to sign, conveying to plaintiff the timber rights on the son's lands (describing them) for the recited consideration of $2,000, do so, by writing his son a letter, in which he inclosed the deed, and which letter read as follows: "You will find inclosed a deed for your timber, and if the price is satisfactory and you approve the same, sign and return it at once, and if you decline to sign it, let me know at once."

The son promptly signed the deed and returned it to his father to be delivered to the plaintiff upon the payment of the purchase money, which was done. There is, as said, no evidence whatever that the son authorized the misrepresentations to be made, or knew, before the suit was brought, that they had been made; hence his receipt and retention of the purchase money was not, as before pointed out, a ratification of the act of his father in making such misrepresentations, if they were made.

We doubt not, however, if the plaintiff had seasonably acquainted the defendant with the fraud and had demanded a rescission of the contract, which he was entitled to, whether the agent's misrepresentations were authorized or not, and whether they were fraudulent or innocent, provided he, plaintiff, was deceived thereby (authorities first cited; *So. Loan & Trust Co. v. Gissendaner*, 4 Ala. App. 513, 58 South. 737; *Capital Security Co. v. Davis*, 6 Ala. App. 677, 60 South. 498; *Thweatt v. McLeod*, 56 Ala. 375), and if defendant had refused to rescind, that then plaintiff could have maintained this action for deceit; provided the agent in making such misrepresentations knew that they were false.—Authorities first cited.

But for us to hold that the principal is liable in an action of deceit for the fraudulent misrepresentations of his agent as to the location of real estate, when such misrepresentations were neither authorized nor ratified, would be to say that, if one owns a $5,000 residence, located next to a $50,000 residence of another person, and authorizes an agent to sell his residence, and the agent, in doing so, induces the purchaser to buy it at $5,000 by fraudulently deceiving and making the purchaser believe that the $50,000 residence is the one he is getting, then that the principal who accepts the $5,000 in good faith without knowledge of the fraud, must be held liable to the purchaser for $45,-

000, the difference between the value of the property he actually got and the value of the property he would have gotten if the representations had been true. Such a doctrine, it seems to us, would be unconscionable. The other doctrine, before mentioned, more nearly comports with our ideas of abstract right and justice, and we hold that in such a case, where the principal is innocent, the most the law allows the purchaser is a rescission of the contract and the restoration of the parties to the status quo, unless the principal refuses a rescission. If he does, then he thereby ratifies the act of his agent and must take the consequences.—*Herring v. Skaggs, supra,* and other authorities cited in appellant's brief.

It follows from this that the court also erred in refusing the affirmative charge requested by defendant.

Reversed and remanded.