(77 South. 971)

### SPALDING MFG. CO. v. LARREN.
### (7 Div. 481.)

(Court of Appeals of Alabama. Feb. 5, 1918. Rehearing Denied Feb. 26, 1918.)

1. SALES ⬉434 — REMEDIES OF BUYER — BREACH OF WARRANT—PLEADING—LACK OF CERTAINTY.

In assumpsit the fourth count was to the effect that plaintiff claimed of defendant the further sum of $115, damages for breach of written contract in the sale of a buggy, that defendant agreed to warrant the buggy against all defective material and workmanship, agreed to give defendant a written warranty to such effect, and to keep the buggy in good shape for five years free of charge and warranted that it was to have a full leather top, when in fact the material of the buggy was defective, the workmanship defective, and the top not a full leather top, and that defendant failed and refused to give plaintiff a written warranty on the buggy for five years, and that, though the buggy had been broken, defendant had failed and refused to put it in good condition. Held, that it did not appear from the averments with certainty to a common intent whether plaintiff relied on a warranty and a breach thereof or on a contract to give a warranty and a breach of such contract, so that the count did not present an issue of law or fact, and was subject to demurrer.

2. APPEAL AND ERROR ⬉1040(11) — PREJUDICIAL ERROR—OVERRULING DEMURRER TO UNCERTAIN COUNT OF COMPLAINT.

Error in overruling demurrer to a count of the complaint in assumpsit which did not show with certainty whether plaintiff relied on warranty of a buggy and breach thereof or on a contract to give a warranty and breach of such contract was not harmless to defendant, where evidence was offered by plaintiff tending to support both theories stated in the count, and one of such theories, that defendant contracted to furnish a five-year written warranty, but broke its contract, was not covered by any other count of the complaint.

3. APPEAL AND ERROR ⬉719(8)—ABSENCE OF ASSIGNMENT OF ERROR.

Where no assignment of error presents the question whether the court reached an erroneous conclusion as to the facts, such question cannot be considered.

4. SALES ⬉413 — REMEDIES OF BUYER — FRAUDULENT MISREPRESENTATIONS OF CONTENTS OF ORDER—PROOF IN AVOIDANCE OF OBLIGATION.

If the agent of the seller of a buggy fraudulently misrepresented the contents of the written order therefor to the buyer, and thereby obtained the buyer's signature, it was permissible for the buyer, in his action of assumpsit for breach of contract, to show the facts in avoidance of the obligations stated in the order.

5. SALES ⬉416(1) — REMEDIES OF BUYER — ACTION FOR BREACH OF CONTRACT—IMMATERIAL EVIDENCE OF CUSTOM.

In assumpsit for breach of contract by the buyer of a buggy, relying on an express contract to sustain his cause of action, evidence of the custom in the county as to the warranty and guaranty given by dealers in buggies was immaterial.

6. SALES ⬉413—REMEDIES OF BUYER—REPRESENTATIONS BY AGENT OF SELLER—PROOF.

In assumpsit by the buyer of a buggy for breach of contract, where the evidence showed that the seller received and retained the purchase money paid by the buyer, under the buyer's count for deceit it was permissible for him to show material representations made by the seller's agent in the sale of the buggy as to its superior qualities, the character of the material used, and the falsity of such representations.

Appeal from Circuit Court, Cleburne County; Hugh D. Merrill, Judge.

Assumpsit by S. P. Larren against the Spalding Manufacturing Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

The fourth count is as follows:

Plaintiff claims of defendant the further sum of $115, damages for a breach of a written contract in the sale of a buggy by it to plaintiff on, to wit, March 24, 1916, and defendant agreed to warrant same against all defective material and workmanship, and agreed to give plaintiff a written warranty to this effect, and to keep said buggy in good shape for five years free of charge, and they warranted that said buggy was to have the full leather top, when

in fact the material of said buggy was defective, and the workmanship is defective, and the top of same was not a full leather top, and they failed and refused to give him a written warranty on same for five years, and although said buggy has been broken they have failed and refused to put it in good condition.

Ross Blackmon, of Anniston, for appellant. S. W. Tate, of Anniston, for appellee.

BROWN, P. J. [1] It does not appear from the averments of the fourth count with certainty to a common intent whether the plaintiff relies on a warranty and a breach thereof or on a contract to give a warranty and a breach of such contract. The averments predicated on the theory of the existence of the warranty are clearly repugnant to the other theory stated, rendering the count lacking in that degree of certainty requisite to present an issue of law or fact and subject to the objection pointed out in the demurrer, which was erroneously overruled. Sibley v. Barclay, 14 Ala. App. 422, 70 South. 201; Posey v. Hair, 12 Ala. 568; Weller v. Camp, 169 Ala. 275, 52 South. 929, 28 L. R. A. (N. S.) 1106.

[2] Evidence was offered by the plaintiff tending to support both of the theories stated in the fourth count, and one of these, that the defendant contracted to furnish a five-year written warranty, and alleging a breach of such contract, is not covered by any other count of the complaint, and for this reason it cannot be said that this error was without injury.

[3] Much of the appellant's argument is devoted to showing that the court reached an erroneous conclusion as to the facts, but, as no assignment of error presents this question, it cannot be considered. Bowdon Lime Works v. Moss, 14 Ala. App. 439, 70 South. 292.

[4] If the defendant's agent fraudulently misrepresented the contents of the written order to the plaintiff, and thereby obtained the plaintiff's signature, it was permissible for the plaintiff to show these facts in avoidance of the obligation stated in the order. Prestwood v. Carlton, 162 Ala. 332, 50 South. 254.

[5, 6] The plaintiff relies on an express contract to sustain his cause of action, and the evidence of the custom in Cleburne county as to warranties or guaranties given by dealers in buggies is clearly immaterial. The evidence shows without dispute that the defendant received and retained the purchase money paid by the plaintiff for the buggy in question, and under the count for deceit it was permissible for the plaintiff to show material representations made by the defendant's agent in the sale of the buggy, as to its superior qualities, the character of the material used in its construction, etc., and the falsity of such representations. Tabor v.

Peters, 74 Ala. 90, 49 Am. Rep. 804; Brown v. Freeman, 79 Ala. 409; Young v. Arntze, 86 Ala. 120, 5 South. 253; Harton v. Belcher, 195 Ala. 186, 70 South. 141; Baker v. Clark, 14 Ala. App. 156, 68 South. 593.

This disposes of all the questions insisted upon in argument, and for the error pointed out the judgment is reversed, and the cause is remanded.

Reversed and remanded.