177 So. 175

## LAWRENCE v. WISE.

### 8 Div. 493.

Court of Appeals of Alabama.

Nov. 16, 1937.

Arthur L. Shaw and A. H. Carmichael, both of Tuscumbia, for appellant.

Thos. C. Burns and F. E. Throckmorton, both of Tuscumbia, for appellee.

Brief did not reach the Reporter.

BRICKEN, Presiding Judge.

This was an action by Wise against Lawrence for deceit and breach of warranty in the sale of an automobile. A verdict was returned in favor of Wise, the plaintiff below, appellee here.

The contention of the plaintiff was, and his evidence tended to show, that he purchased a Chevrolet automobile from the defendant about the 8th day of August, 1935, and that it was falsely represented to him as a "new, 1935, 6 cylinder Chevrolet Demonstrator Master Coach; that it had never been sold, never repossessed and never been in a wreck."

The evidence further shows that the speedometer on the car showed "a little less than 12,000 miles" at the time of the trade. This evidence came from the plaintiff on cross-examination.

It appears, without dispute, that the appellant was doing business under the firm name of Lawrence Chevrolet Company, at the time the trade was made, and that the sale was handled by one of his salesmen, one Longcrier, and that he alone had the dealings with the plaintiff that resulted in the trade.

Longcrier denied making the representations claimed by the plaintiff.

The defendant testified, and there is nothing in the record to the contrary, that he did not authorize his salesman to misrepresent the automobile in any way; the salesman testified positively, and nothing to the contrary appears, "At the time I sold the car to Mr. Wise I did not know it had been repossessed."

In an action of deceit, where misrepresentations of an agent are relied on, in an action against the principal, misrepresentations made by an agent, without authority of the principal, with respect to the property of the principal, and by which another is induced to buy such property, are not within the scope of his employment, and are not binding on the principal, unless subsequently ratified. Baker v. Clark, 14 Ala. App. 152–156, 68 So. 593.

598

In this case the plaintiff carried the burden of showing that, before bringing suit, he, upon discovery of the fraud, seasonably acquainted the principal therewith and offered to rescind the contract of sale, but that principal refused. Baker v. Clark, supra. This he failed to do.

For the reasons stated, the affirmative charge requested in writing was erroneously refused. The breach of warranty claim appears to have been abandoned as well it might be, as we find no evidence to support it.

Reversed and remanded.