Peaeson, C. J.
 

 In the sale of a chattel, the rule of our law is
 
 caveat
 
 emptor, and if the thing be unsound, to entitle the purchaser to maintain an action, he must prove, either, a warranty of soundness, or a deceit.
 

 In regard to a deceit, the distinction is:: where the unsound^ 'ness is
 
 patent,
 
 that is, such as may be disco vered by the exei>
 
 *104
 
 ■cise of ordinary diligence,
 
 mere
 
 silence, on the part of the vendor, is not sufficient to establish the deceit, although he knows of the unsoundness, because
 
 the thing speaks for
 
 itself’, and it is the folly of the purchaser not to attend to it. So that, in such a case he will not he heard to say, he was deceived, unless the vendor made a false statement, or resorted to some artifice, in order to prevenían examination, or to hide the unsoundness, so as to make the examination of no avail.
 

 Where the unsoundness is latent, that is, such as could not be ■discovered by the exercise of ordinary ■diligence,
 
 mere silence,
 
 ■on the part of the vendor, is sufficient to establish the deceit, provided he knows of the unsoundness;'for, as the thing is not what it appears to be, and diligence does not enable the pur■chaser to discover its unsoundness, he is deceived, unless the fact is disclosed ; so that, in such a case, without what the law considers laches on the part of the purchaser, the deceit is accomplished by the
 
 suppressio veri.
 

 The first proposition : that, in regard to a
 
 patent
 
 unsonndness, to make out a deceit there must be proof of the scienter, and a
 
 suggestio falsi,
 
 is conceded on all hands.
 

 The second, that in respect to a
 
 latent
 
 unsoundness, proof of the
 
 scienter
 
 and a
 
 suppressio veri,
 
 will be .sufficient, we consider equally well settled, by the reason of the thing, and by the cases in our Court;
 
 Cobb
 
 v.
 
 Fogleman,
 
 1 Ire. Rep. 440;
 
 Case
 
 v.
 
 Edney,
 
 4 Ire. Rep. 93. The former was for a deceit in the sale of a female slave, who had a latent disease — cancer in the womb, but at the time of the sale was a a
 
 stout, vigorous looking woman.
 
 The defendant was silent in respect to her disease. The Judge, in the Court below, instructed the jury, that to entitle the plaintiff to recover, he must prove 1st, that the unsoundness existed at the time of the sale ; 2ndly, that the defendant knew of, or had reason to believe its existence; 3rdly, but if these facts were proved, if the plaintiff also knew of the unsoundness, or had reason to believe it, he could not recover, and then instructed' the jury, that there was no evidence on the last point. In this Court the positions of law were approved, and, indeed, were
 
 *105
 
 not called in question, being taken by the profession as settled ; and the decision was put not on, whether there was evidence on the last point, baton whether there was evidence of the scienter on the part of the defendant. The latter was for a deceit in the sale of a mare at auction by a trustee. The mare had a latent unsoundness, although on the day of sale,
 
 she appeared to le well.
 
 The defendant, Marvill Edney, the maker of the trust, was “ present at the sale, but took no part in it, and said nothing, one way or the other, as to the property.” There was proof that he knew of the unsoundness. The evidence was contradictory as to the
 
 scienter ■
 
 on the part of the other defendant, the trustee. The Judge, in the Court below, held “ that as the legal title had passed -out of the defendant, Marvill, he was not accountable as an owner would be, who procured an auctioneer to cry his property, and stood by in silence.” As to the other defendant, the Court charged, that, “ although he acted as trustee in making the sale, yet, like all other persons who sold, lie was bound to act honestly, and to
 
 disclose defects
 
 if he believed them to exist. It was then left to the jury, whether the mare was unsound, and whether the defendant knew it — if so,
 
 as he failed to state the
 
 circumstances, he was liable ©n damages.” In this Court, the positions of law, in reference to the deceit, were approved, but it was held that the defendant, Marvill Edney, although the legal title passed out of him, was liable for tho deceit. In the conclusion of the opinion, the Court say : “ It will not be understood that we think the mere silence of debtor, whose property is sold under execution, would amount to a fraud; for that is a proceeding m
 
 invitum
 
 / the sale is exclusively the act of the law.”
 

 Mothing could show more conclusively, that this doctrine was considered as settled, both by our courts and the profession, than the manner in which it is treated in these two cases ; and after the elaborate argument of
 
 Mr.
 
 Boyden, we are satisfied that it is sustained by the weight of authority. The class of cases,
 
 Mellish
 
 v. Matteux, Peake N. P. 115;
 
 Baglehole
 
 v. Watters, 3rd Camp. Rep. 154;
 
 Pinckering
 
 v. Dawson, 4th
 
 *106
 
 Taunt. 779, &c., where the property was sold “ with all faults,” is not in' point. Nor the class of cases,
 
 Laidlaw
 
 v.
 
 Organ,
 
 2 Wheat, 178;
 
 Bench
 
 v.
 
 Sheldon,
 
 14 Barb. 66, &c., where
 
 extrinsic circumstances,
 
 affecting the price of the article exist, but in regard to which,
 
 the means of intelligence are equally accessible to both
 
 parties, such as the conclusion of peace in 1815, between England and the United States, and the passages to be met with in some of the best writers, which seeni to conflict, are all to be attributed to the fact, that the distinction between a patent and a latent unsoundness in the thing, was not kept in view. These questions of law present no difficulty, and from the manner in which the statement of the case is made up, upon the defendants’exception, the judgment must be affirmed.
 

 The defendants’ counsel contended, “that admitting that the slave was unsound, and that the defendant knew it, the plaintiff could not recover, for that, in order to charge the defendants, he must ¡Drove, either that they made fraudulent misrepresentations, or resorted to some device by which to conceal the unsoundness,” and prayed the Court so to instruct the jury.
 

 This proposition is not true in its generality. If the unsoundness was patent it is true. If the unsoundness was latent it is not true. The case does not show whether it was patent, or latent, and it follows, that it was not error to refuse to give the instruction prayed for. In other words, it does not appear from the defendants’ exception, whether the Court below erred or not; therefore, there is no ground upon which this Court can reverse the judgment.
 

 PeR CueiáM, Judgment affirmed.