# Moncrief *v.* Wilkinson.

### *Action by Purchaser for Fraud and Deceit.*

1. *Fraud and deceit on sale of mule.*—On the sale of a mule, which the seller represents to be "all right," though he knows that the animal is "moon-eyed," a disease which seriously affects the eye-sight and impairs its value one half, the purchaser may maintain an action for damages on account of the fraud and deceit, and recover to the extent of the diminished value; and it can not be said that the defect was patent, when the purchaser did not discover it on examination, after a bystander had told him that there seemed to be something the matter with the animal's eyes, and the seller himself testifies that he was on his guard against making representations in regard to them.

APPEAL from the Circuit Court of Jefferson.
Tried before the Hon. JAMES B. HEAD.

PARSONS & DARBY, for appellant.

CABANISS & WEAKLEY, *contra.*

McCLELLAN, J.—This is an action sounding in damages for deceit in the sale of a mule by Moncrief to Wilkinson. It

was begun in a justice's court, where judgment was rendered for plaintiff, from which defendant appealed. Trial in the Circuit Court was had without jury, and exception reserved to the conclusion of the judge on the facts, and subsequent judgment in favor of the plaintiff. The present appeal brings under review this conclusion and judgment of the court upon the evidence.—Acts 1888–9, p. 800.

We are reasonably satisfied that the defendant, in response to inquiries as to the soundness of the mule, repeatedly stated that the animal was "all right," and these assurances conduced to the purchase by the plaintiff. Confessedly the mule was not "all right." On the contrary, her eyes were diseased in such sort as, at irregular intervals and for varying periods, to seriously impair vision, and as would finally produce total blindness. Confessedly also the defendant knew of this disease, and purposely refrained from informing the plaintiff of it. The testimony is that this defect or infirmity was such as to reduce the value of the animal at least one half. The fact that plaintiff and defendant had concurred in fixing the value at one hundred and sixty-five dollars, on the assumption, so far as plaintiff was concerned, and on representation on the part of defendant, that it was free from infirmity, is sufficient proof for all the purposes of this case, that that was the real value; and hence the damage suffered by the plaintiff was at least eighty-two and 50-100 dollars, according to the evidence.

The only remaining point for consideration involves the question whether the defect was latent or patent. The plaintiff testifies that, after a bystander, whose opinion he asked, had told him there seemed to be something the matter with the animal's eyes, he examined them, could not see that anything was wrong with them, and they appeared to be all right. The defendant admits, in effect, his reliance upon the appearance of the eyes giving no indication of the disease, and says he was "on his guard" with respect to making no statement in regard to them, unless directly questioned in that connection. From this reliance of the defendant upon the healthy appearance of the eyes, and from the failure of the plaintiff to detect any infirmity in them, though his examination was specially challenged to that end, we are convinced that the defect was a latent one; and this, though a third person said at the time there appeared to be something the matter with them. Reaching these conclusions on the evidence, our opinion, that the plaintiff was entitled to recover the difference in value resulting from the defect, follows as matter of course.—*Barnett v. Stanton*, 2 Ala. 181; *Tabor v. Peters*, 74 Ala. 90; *Sledge v. Scott*, 56 Ala. 202; *Whitworth v. Thomas*, 83 Ala. 308.

The bill of exceptions sets forth that "the evidence for the plaintiff tended to show that the market value of a mule with 'moon-eye' disease [which this mule had] was not more than one half the market value of the same mule if sound." , The form of this statement leaves room for a construction of the bill of exceptions which will justify the assessment of damages by the trial court in a slightly greater sum than one half the value proved, and obviate a correction of the judgment in that respect, if indeed the same conclusion would not result from the maxim *de minimis non curat lex.*

The judgment of the Circuit Court is affirmed.