# Kilby Locomotive & Mach. Works *v.* Lacey & Son.

## *Deceit.*

(Decided February 11, 1915. 67 South. 754.)

1. *Fraud and Deceit; Misrepresentation; Damages.*—A person injured by fraudulent misrepresentations is entitled to recover all the damages within the contemplation of the parties, or which were the necessary, or natural and proximate consequences of the fraud.

2. *Same.*—Where the purchaser retains the property the measure of damages, in an action for deceit for fraudulent representations, is

the differenie between the actual value of the property at the time of the sale, and what its value would have been if the representations had been true, unless the actual damages are greater than this.

3. *Same.*—Where the seller represented that a second-hand engine had been overhauled and repaired until it was as good as new, and the purchaser used it a year, and then had it repaired, the purchaser was not entitled, in action for deceit, to recover the cost of repair occasioned by the year's use, or in making it conform to an act of congress passed after the sale, but was entitled to the cost of putting it in such shape otherwise, as it was represented to be, and for the hire of another engine, made necessary by the repairs for which the seller was liable.

4. *Same; Burden of Proof.*—In such a case the burden of proof was on the buyer to show what part of the whole expense of the care and hiring another engine was necessary to indemnify him for the false representations of the seller.

5. *Same; Innocent Misrepresentation.*—Innocent or honest misrepresentations will authorize the rescission of a contract of sale, but will not support an action for deceit.

6. *Limitations of Actions; Discovery of Fraud; Opportunity.*—While the fact that plaintiff had an opportunity for discovering the fraud might create an adverse inference against him, yet it is not conclusive that he did discover the fraud earlier, within the provisions of section 4852, Code 1907.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Action of deceit by D. B. Lacy & Son against the Kilby Locomotive & Machine Works. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The pleadings and facts sufficiently appear from the opinion, as does the oral charge of the court excepted to. The following charges were refused the defendant:

(13) If Whitfield Clark honestly stated to D. B. Lacy the condition of the engine as the said Whitfield Clark believed the same to exist at the time of the sale, the jury must find the issues for the defendant.

(14) You cannot find a verdict for the plaintiff on account of the falsity of any representations which Clark may have made to Lacy, unless the jury are reasonably satisfied, from the evidence, that at the time of said statements said Clark knew that the same were

[Kilby Locomotive & Mach. Works v. Lacey & Son.]

false, or made the statements fraudulently or recklessly as true, with the intention to deceive the plaitniff.

(15) A representation is not fraudlulent unless the party making the same had the knowledge that it was false, or unless he made a fraudulent or reckless representation of fact as true, which he did not know to be false, but by which he intended to deceive the party to whom the same was made.

KNOX, ACKER, DIXON & STERNE, for appellant. Court erred in overruling demurrers to counts 6, 8, 9, 10, 11 and 13.—*Handley v. Schaffer*, 59 South. 286. The court erred in permitting counsel for plaintiff to state that the plaintiff spent more than $2,000.00 in repairing the engine.—*Jackson v. Robinson*, 93 Ala. 157; *Johnson v. Bentley*, 2 Ala. App. 281; *Nichols v. Andrews*, 6 Ala. App. 275; *Hammock v. The State*, 7 Ala. App. 12. The court erred in holding that plaintiff was entitled to recover moneys paid in hiring other locomotives and moneys lost by the idleness of plaintiff's steam shovel.— *Bromberg v. Eugenetto*, 163 Ala. 359; *Dickerson v. Finley*, 158 Ala. 149; *Nicholson v. Rasch*, 138 Ala. 372; *St. L. & S. F. R. R. Co. v. Lilly*, 1 Ala. App. 320; *B. R. L. & P. Co. v. Long*, 5 Ala. App. 510; *Foster v. Kennedy*, 38 Ala. 359. The burden was on the plaintiff to show the proportion of the damage for which defendant was liable.—*Ritter v. Hoy*, 2 Ala. App. 364; *Buist v. Guice*, 96 Ala. 255. Innocent or honest misrepresentations will not support an action for deceit.—§ 2469, Code 1907, *South L. & T. Co. v. Dissendaner* for Ala App. 530. The plaintiff's action was barred.—*Scruggs v. Decatur Co.*, 86 Ala. 173; 101 U. S. 141.

P. F. WHARTON and T. C. SENSABAUGH, for appellee. No prejudice resulted from statement of counsel that

plaintiff had spent more than $2,000.00 for repairs, as the verdict was for considerably less than that amount. —*B. R. L. & P. Co. v. Gonzalez,* 61 South. 85. The complaint was not subject to the demurrers interposed.— *Herring v. Skaggs,* 62 Ala. 180; s. c. 73 Ala. 476. The court was not in error in its admission of evidence as to damages.—*Ross v. Jones,* 98 Ala. 448 (20 Cyc. 140), 29 Ala. 392. Misrepresentations though innocent may constitute legal fraud.—Sections 4298-99, Code 1907; *Hayfer v. Cole,* 57 South. 759, and authorities there cited. The action was not barred by limitations.—*Jones v. Coan,* 146 Ala. 660.

THOMAS, J.—The general rule as to the measure of damages, when a person is injured by the false and fraudulent representations of another, is, as stated in the first authority cited below and borne out by the others, this: "He is entitled to recover all the damages which were within the contemplation of the parties, or which, though not within the contemplation of the parties, were either the necessary or the natural and proximate consequences of the fraud; and he can recover nothing more than this, unless the circumstances were such as to render the other party liable in exemplary damages."—14 Am. & Eng. Ency. Law (2d Ed.) 177-179; 20 Cyc. 130 et seq.; 8 Am. & Eng. Ency. Law (2d Ed.) 640 et seq.; 13 Cyc. 28 et seq.

And by the great weight of authority, where the fraud relied on consists of false representations as to the quality of personal property which induced its purchase, and where there has been no rescission of the contract, and the purchaser retains the property, the measure of his damages, in an action of deceit for such fraud, is, in ordinary cases, the difference between the value of the property at the time of the sale and what its value would

have been if the representations had been true.—14 Am.
& Eng. Ency. Law (2d Ed.) 182; 20 Cyc. 132, 133; *Foster v. Kennedy*, 38 Ala. 359, 81 Am. Dec. 56; *Moncrief v. Wilkinson*, 93 Ala. 373, 9 South. 159; *Ward v. Reynolds*, 32 Ala. 384; *Gibson v. Marquis*, 29 Ala. 668.

In some cases, however, this rule is not applicable. It does not apply in any case when the difference between the actual value of the property and what its value would have been if the representations had been true does not in fact represent the actual damage sustained as the natural and proximate result of the fraud. In such cases, since it is a cardinal principle of the law that the person injured is entitled to receive compensation for the injury actually inflicted, the party defrauded may prove and recover his actual damages, except, of course, such as he might have avoided by the exercise of reasonable diligence.—14 Am. & Eng. Ency. Law (2d Ed.) 183; 20 Cyc. 130 et seq., 136, 140, 141; 1 Smith's Leading Cases, 248-252; *Jones v. Ross*, 98 Ala. 448, 13 South. 319; *Hogan v. Thorington*, 8 Port. 428; *Kornegay v. White*, 10 Ala. 255; *Willis v. Dudley*, 10 Ala. 933; *Milton v. Rowland*, 11 Ala. 732; *Marshall v. Wood*, 16 Ala. 806; *Worthy v. Patterson*, 20 Ala. 174; *Rowland v. Shelton*, 25 Ala. 217.

One of the bones of serious contention in the present case, which is an action for deceit in the sale of a second hand locomotive engine, is as to the proper measure of damages. The complaint, which was filed by appellees as plaintiffs below against appellant, who sold to appellees the said engine, alleged in substance, in the only counts that need be here noticed, that, at the time of and in the negotiations for the sale, the appellant, through its agent who conducted the sale, represented that said engine had recently been overhauled, repaired, and rebuilt by it in its shops, where the engine was at

the time, so that it, and every part of it, was then as
good as new. The complaint then alleges in effect that
the representations were false and untrue—setting out
how and wherein—and that defendant's said agent, who
made them in conducting said sale, knew, at the time,
that they were false and untrue, but that plaintiffs, in
ignorance of their falsity and in reliance upon them,
were induced to and did purchase said engine. The com-
plaint claimed as damages the sums of money which
plaintiffs were alleged to have expended (and which
there was some evidence tending to support) in having
said engine overhauled and repaired so as to make it as
good as new, and in hiring another engine to use in its
place while the one in question was undergoing such
repairs.

The evidence tended to show, further, however, that
the engine was not overhauled or repaired until after it
had been used by plaintiffs for about a year, and that,
when it was so overhauled and repaired, the original de-
sign of the engine, as respects the bracing of the fire box
and boiler, was changed so as to make it meet the re-
quirements of the federal Boiler Inspection Act, which
act was passed by Congress, or became operative, after
plaintiffs purchased the engine.

Of course, the defendant was not liable for any of the
costs of the overhauling and repairing that was ren-
dered necessary by the wear and tear resulting from the
use and service to which the plaintiffs had put the en-
gine between the time of the purchase and the time that
the overhauling and repairing was done, nor for any cost
of such overhauling and repairing that was done in
making the engine conform to the requirements of the
federal act mentioned, but was, we think, liable, as the
natural and proximate result of the wrong complained
of, for the reasonable cost and expense to which the

plaintiffs had been put in having the engine overhauled and repaired to the extent necessary to change it from the condition in which it was actually at the time of the purchase to the condition it was then represented to be in—in other words, to the extent necessary to make such representations good—and was likewise, we think, liable for the reasonable costs and expense to which the plaintiffs had been put in hiring another engine to use in their business in the place of the engine in question during the time the latter was undergoing the repairs last mentioned, but not during the time it was undergoing the other repairs referred to.—Authorities last cited; 14 Am. & Eng. Ency. Law (2d Ed.) 179, 180; 20 Cyc. 138; *Bryan v. Booth,* 30 Ala. 311, 68 Am. Dec. 117; *Chatom Machine Co. v. Smith* (Tex. Civ. App.) 44 S. W. 592.

The lower court, in substance and effect, so charged the jury, and we find no error, therefore, in any portion of the oral charge as to the measure of damages that was excepted to, nor in the court's refusal to give the written charge requested by defendant asserting that the measure of damages in the action was the difference between the value of the engine as represented and its actual value. The plaintiffs sought only to recover the expenses mentioned. In this connection, it may be said that the burden of proving these damages rests upon the plaintiffs, and it was incumbent on them, and not defendant, to show, to the satisfaction of the jury, what part of the total sums shown to have been expended for repairs and overhauling and in hiring other locomotives was necessary to indemnify plaintiffs for the false representations alleged to have been made and to make good those representations.—*Ritter v. Hoy,* 2 Ala. App. 364, 56 South. 814. This duty cannot be met by showing the whole costs of such overhauling and repairs, when it appears,

as pointed out, that a part of such costs was necessary by reason of use and service to which plaintiffs had, after the purchase, put the engine, and that a part was necessary to make the engine conform to the requirements of the federal act mentioned. The plaintiffs must, by either positive or expert testimony, furnish the jury some reasonable basis upon which to say what part of such costs was due to the false representations complained of.

The court erred in its oral charge to the jury as to the character of fraud sufficient to support this action, when it stated in effect that, if the representations alleged to have been made by defendant were untrue and were as to a matter of fact and operated as a material inducement to the plaintiffs in making the purchase, then it makes no difference whether they were innocently and honestly made or not. Innocent or honest misrepresentations will authorize a rescission of the contract of sale, but not an action for deceit. The statute on this subject has modified, to some extent, the case law previously existing in this state as to the character of fraud necessary to support the latter action, so that the rule now is the same as obtains by judicial decision in most of the other states. We had occasion recently to discuss fully the matter in the cases cited below, and need not now reiterate.—Code, §§ 2469, 4298, 4299; *Hockensmith v. Winton,* 11 Ala. App. 670, 66 South. 955; *McCoy v. Prince,* 11 Ala. App. 388, 66 South. 950; 14 Am. & Eng. Ency. Law (2d Ed. 21, 22.

The court, consequently, also erred in refusing written charges 13, 14, and 15, which correctly asserted the law in conformity with the authorities above cited.

The defendant was not entitled to the affirmative charge under its plea of the statute of limitations of one year, since the law allows the suit to be brought at any

time within 12 months after the discovery by the aggrieved party of the facts constituting the fraud (Code, § 4852), and there was evidence tending to show that the discovery was not made prior to 12 months before bringing the suit. The fact that plaintiffs had an opportunity of discovering it earlier, while creating adverse inferences against them, is not conclusive that they did discover it earlier.—*Jones v. Coan*, 146 Ala. 660, 41 South. 757.

The remarks of counsel complained of are not likely to be indulged in on another trial, and need not therefore be considered. We have discussed the only errors seriously urged, and for those pointed out the judgment is reversed.

Reversed and remanded.

PELHAM, P. J., not sitting.