## GLOVER v. PHILLIPS. (No. 1426.)

(Court of Civil Appeals of Texas. Texarkana. March 10, 1915. Rehearing Denied March 18, 1915.)

**1. APPEAL AND ERROR ⬅️1002—REVIEW OF FACTS—CONFLICTING EVIDENCE.**

A verdict on conflicting evidence as to whether there was an express warranty will not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. ⬅️1002.]

**2. SALES ⬅️269—APPLICATION OF RULE OF CAVEAT EMPTOR.**

The rule of caveat emptor did not apply, where a seller knowingly sold a mule having a bone spavin not discoverable except through time and nicety of observation.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 746; Dec. Dig. ⬅️269.]

Appeal from Hopkins County Court; Dan R. Junell, Judge.

Action by T. W. Glover against Bob Phillips. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

J. A. Dial and B. W. Foster, both of Sulphur Springs, for appellant. C. E. Sheppard, of Sulphur Springs, for appellee.

LEVY, J. The action originated in the justice court, and is to recover damages occasioned to appellant in the sale to him of an alleged unsound mule. On appeal to the county court the case was tried to the court without a jury, resulting in judgment for appellee. Appellant seeks revision of the judgment upon the ground that it is contrary to the evidence. The substance of the evidence is that appellee sold and delivered to appellant two mules for the sum of $325 cash. At the time of the agreement of purchase and sale the two mules were in appellee's barn. Before consummating the agreement appellant desired to see them driven to a wagon. They were then hitched to a wagon, and with one of the wheels of the wagon locked were driven by appellant and appellee from the barn to the public square of the town. After arriving upon the public square, appellant received the mules and paid the agreed purchase price through a check on the bank. As a fact, one of the mules at the time of the sale was diseased with bone spavin. Appellant testified that he did not know of the diseased condition at the time of purchase, and that when he—

"saw the mules in the barn and looked them over there was nothing about the mules or their appearance which would show or indicate, or which did show or indicate, to me that there was anything the matter with the mule," and "in driving the mules from defendant's barn to the public square they appeared all right and acted and seemed to be in good condition."

Appellant further testified that appellee verbally guaranteed the mules to be good and sound. Appellee, though, denied that he guaranteed the mules, and testified that he "told plaintiff he was not guaranteeing them." Appellee further said:

"At the time I sold the mules to plaintiff I knew the diseased condition of the mule in question, but did not advise or communicate this knowledge to plaintiff."

It therefore appears from the evidence that the purchaser did not discover the defect in the mule by reasonable diligence, and, giving force to his testimony, which in that respect is not disputed, no defect appeared from observation or in the test given in pulling the wagon. The diseased condition is therefore shown to appear latent, and any other finding was not warranted. The appellee, it appears, well knew the fact of the diseased condition, but made no statement about it and held his peace, seeing, as inferable, that the purchaser did not discover the diseased condition. The two mules were sold, it appears, for the lump sum of $325 cash, resulting in making the price to the purchaser for each mule as great as each mule would have commanded, if sound. If one mule had less value than the other, it does not appear that such agreement was made by the buyer and seller.

[1, 2] The evidence being conflicting as to whether there was an express warranty of soundness, this court is without power to handle that phase of the case, and would not attempt to disturb the verdict in that respect. But in view of the facts of the case this court may consider, under the assignment of error, that phase of the case involved in the judgment of the court in respect to the failure of the seller to make disclosure of his superior knowledge of the fact as to the unsoundness of the mule. It is thought that in the respect mentioned the finding of the court, involved in his judgment, is against the weight of the evidence. It is believed that the rule of caveat emptor does not apply where a seller knowingly sells a diseased mule without declaring the disease, if it were such as not to be discovered except through time and nicety of observation. Moncrief v. Wilkinson, 93 Ala. 373, 9 South. 159; Brown v. Gray, 51 N. C. 103, 72 Am. Dec. 563; Hughes v. Robertson, 1 T. B. Mon. (Ky.) 215, 15 Am. Dec. 104. Reference: McKinney v. Fort, 10 Tex. 220; Wintz v. Morrison, 17 Tex. 372, 67 Am. Dec. 658.

The judgment is reversed, and the cause remanded for further proceedings.