# Moon, *et al.* v. Benton.

## *Assumpsit.*

(Decided April 15, 1916.   68 South. 589.)

1. *Fraud; Action; Measure of Damages.*—Ordinarily the measure of damages for fraud which induced the purchase of a note or other security, is the difference between the actual value of the security at the time of sale, and what its value would have been if it had been as represented.

2. *Same; Complaint; Solvency.*—Where the action was for fraud which induced plaintiff to purchase a note secured by a mortgage, the complaint need not negative the solvency of the maker or endorser thereof, since, if they were solvent, this would not deprive plaintiff of his right to recover at least nominal damages for the deceit.

3. *Bills and Notes; Endorser; Liability; Security.*—Where the note was secured by mortgage, and it provided that no property of the maker other than that covered by the mortgage, should be subject to the debt, an endorsement thereof, imposes no personal liability on the endorser, since he merely guarantees that the maker will pay the note according to its tenor, and therefore the solvency of the maker or endorser cannot even reduce the damages in an action for deceit in the transfer of the note.

4. *Fraud; Misrepresentation; Note; Simulated Indebtedness.*—Where a note was given by one person to another, and by him sold to plaintiff by means of fraudulent misrepresentation as to the value

[Moon; et al. v. Benton.]

of the security the fact that the debt for which the note was given was simulated, not genuine, was material as tending to connect both of the parties to the note with the fraudulent transaction, even though they were estopped from asserting as against the plaintiff that there was no consideration for the note.

5. *Pleading; Complaint.*—An averment that the debt evidenced by the note was simulated, was an averment of a mere evidential circumstance tending to show fraud, and should not have been included in the complaint, and might have been stricken on motion.

6. *Same; Demurrer.*—A complaint which is otherwise sufficient is not rendered demurrable because of the allegation of matters of evidence therein.

7. *Fraud; Misrepresentation; Opinion.*—Expressions of opinion, when knowingly false and made with the intent to deceive, and so acted upon that they do deceive, will support an action for deceit.

8. *Same; Value of Real Estate.*—While statements as to the value of real estate are generally mere expressions of opinion, even when made to induce another to buy or accept a lien thereon, they are not always so, especially when coupled with misrepresentations as to material facts, or a concealment of facts, or when artifice is used to prevent inquiry or examination, or when intended and understood as the statement of a fact, and not of an opinion.

9. *Same.*—Misrepresentations as to the value of land upon which a mortgage has been given to secure a note, accompanied by material misrepresentations as to the location of the property affecting its value authorize a recovery in an action for deceit.

10. *Same.*—Where there was evidence tending to show that one person gave another a note for a simulated indebtedness and secured it by a mortgage on an almost worthless lot, and that the payee thereof transferred the note and securities for value representing that the property affected by the mortgage was of a certain value, and was located in a good residence section of the city, it was a question for the jury whether such representations were merely matters of opinion, or were intended as a statement of fact.

11. *Charge of Court; Argumentative.*—Charges which are argumentative may be refused without error.

12. *Same; Singling Out Evidence.*—Charges which single out and give undue prominence to the evidence, are properly refused.

13. *Same; Misleading.*—Misleading charges may be refused without error.

14. *Same; Applicability to Fact.*—Charges which incorrectly state the law as applied to the facts in the case, are properly refused.

15. *Money Had and Received; Action; Fraud.*—An action for money had and received will not lie where the party, induced by fraud to purchase a note, does not elect to rescind the contract, but retains the note and sues for damages.

16. *Charge of Court; Taking Case from Jury.*—Where two defendants were jointly sued for damages for fraud, in the transfer of a note secured by a mortgage, and the complaint contained a count for money had and received, an affirmative charge requested on that

[Moon, et al. v. Benton.]

issue. as to only one of defendants, was properly refused as likely to mislead the jury into believing that there was a difference in the liability of the two defendants, notwithstanding it should have been given, if it had been requested as to both defendants.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by N. J. Benton against O. B. Moon and others. Judgment for the plaintiff, and defendant Moon appeals. Affirmed.

On the submission there was severance and separate assignment of error. The substance of the complaint is sufficiently disclosed by the opinion. The following charges were refused to defendant: (4) Affirmative charge as to count 2.

(1 and 2) General affirmative charge.

(3) Under the undisputed evidence in this case, if the jury believe it, Moon never got any money from plaintiff in any transaction involved in this case.

(5) This is not a suit on the note, and the fact, if it were a fact, that the note had not been paid would not entitle plaintiff to recover of defendant, or either of them, in this case.

(6) Unless the jury are reasonably satisfied from the evidence in this case that the alleged indebtedness of Moon to Cook was not real, but simulated, then, outside of all other questions, the jury must find for defendant.

(7) The location of the lot in question was open to plaintiff under the evidence in this case.

(8) There is not evidence in this case that Moon executed the note and mortgage described in the complaint.

(9) No mere mistake or exaggerated opinion on the part of Moon would constitute fraud, but before the jury can find a verdict against him, they must believe from the evidence that he entered into a fraudulent conspir-

[Moon, et al. v. Benton.]

acy with Cook to defraud, the moral equivalent of larceny.

(10) Where the location and value of property is equally open to one party to a trade as to another, then evidence of representations of such location and value by the one would not amount, in and of itself, to a fraud in law, even if the jury believe such evidence.

(11) If the note and mortgage in evidence was not a personal obligation against Moon, but could only take the real estate described therein, then it could not be a legal fraud for Moon to deed the said real estate to plaintiff, Benton.

(12) Even if Moon never really owed Cook, yet the note and mortgage executed by Moon to Cook and traded to plaintiff, if the jury believe the evidence, would have the same obligation as a contract in plaintiff's hands as if Moon had really owed Cook.

(13) As a matter of law, if you believe the evidence in this case, it was not fraud in law for Moon to deed the lot described in the note and mortgage to plaintiff, and to take up the note and mortgage if you believe from the evidence he did so.

(14) Whether as between Cook and Moon there was or was not a real debt, the note and mortgage would, while in the hands of plaintiff, be just as obligatory as if there had been a real debt.

(15) As to whether there was or was not a debt between Moon and Cook could make no difference in the binding obligation of the note and mortgage in the hands of plaintiff.

HARSH, BEDDOW & FITTS, and JOHN FULTON, for appellant.

VASSAR L. ALLEN, for appellee.

THOMAS, J.—The complaint consisted of two counts —one of the common count for money had and received, and the other a special count in case for deceit, which alleged, in substance, as we interpret the meaning of its averments, that on or about the 4th day of October, 1909, the plaintiff was the owner of a certain lot of real estate in Jefferson county, Ala. (describing it), and the defendant Moon was the owner of a certain other lot of real estate in Jefferson county, Ala. (describing it) ; that on some date prior to said 4th day of October, 1909, the defendant Moon executed to the codefendant, Cook, a certain mortgage on the said lot so owned by him, the said Moon, for the purpose of securing the payment of a certain promissory note which he had executed to said Cook in the sum of $675, bearing interest at 8 per cent. from the date of its execution to its maturity, to wit, June 1, 1910; that the consideration of said note was not a real or bona fide indebtedness, but a simulated one, and that its execution and acceptance was part of a scheme originated by the defendants, Moon and Cook, to injure and defraud the plaintiff, in pursuance of which they besought plaintiff to trade his, plaintiff's, afore-described lot, which was worth $425, to the defendant Cook, in return for the transfer to plaintiff of the said note and mortgage for $675, given by said Moon to said Cook on said aforedescribed Moon lot, representing to plaintiff, as a matter of fact, at the time, that the Moon lot was worth far in excess of the amount of the mortgage, to wit, that it was worth $5,000, and that it was located in or near Mountain Terrace, a fashionable and valuable addition to the city of Birmingham, Ala.; that the plaintiff, ignorant of the true location and value of said lot, and relying upon the said representations of the defendants with respect thereto, was, on said Oc-

tober 4, 1909, induced by them to sell and convey his own lot, as before described and of value as aforesaid, to the said defendant Cook in consideration of the transfer to him, the plaintiff, by said Cook of the aforementioned note and mortgage against said defendant Moon and on said Moon's aforementioned lot; that the said Moon lot, instead of being worth $5,000 as had been represented to plaintiff by the defendants, was of value not exceeding $50, far less than the amount of the said mortgage upon it for $675, the assignment of which plaintiff had accepted as the consideration for the conveyance to Cook of his own lot, worth $425; that instead of the said Moon lot being located in or near Mountain Terrace, as had been represented to plaintiff by defendants, it was located four or five miles from Birmingham, in Shade's Valley; that defendants knew, at the time they made said representations as to the value and location of said Moon lot, that such representations were false, and that the defendants made the same for the purpose and with the intent to injure and defraud the plaintiff; and that the plaintiff, being ignorant at the time of their falsity, was induced by defendants to rely, and did rely, upon their truth, and as a consequence parted with the title to his own lot, which was worth $425, as said, in return for the transfer of the said note and mortgage for $675 on the Moon lot, which was worth not exceeding $50 to plaintiff's damage in the sum of $1,000, as claimed.

(1) Ordinarily the proper measure of damages in an action of deceit, predicated upon a fraud which induces a party to purchase securities in the way of a note, bond, or mortgage, is the same as where he is induced to purchase real or personal property, and is, as a general rule, subject to some exceptions which do not appear to ob-

tain here, the difference between the actual value of the security at the time of the sale and what would have been its value if the representations made with respect to it had been true.—14 Am. & Eng. Ency. Law (2d Ed.) 184; *Kilby Locomotive & Machine Works v. Lacy,* 12 Ala. App. 464, 67 South. 754.

This suit was brought on May 2, 1912, nearly two years, as appears from the averments of the complaint, after the alleged note and mortgage was due, and for aught appearing from the averments of the complaint, the mortgage had been paid in full before the suit was brought. If so, it does not appear from the allegations of the complaint how the plaintiff could have sustained any damage as the result of the false representations alleged to have been made with respect to the value of the property embraced in the mortgage; for, if, notwithstanding the fraud, the plaintiff realized in full on the mortgage debt, he got all he contracted for and could not complain.—8 Ency. Pl. & Pr. 908; 14 Am. & Eng. Ency. Law (2d Ed), 142, 193. Fraud without damage gives no cause of action.—3 Mayf. Dig. 823, § 17. It would seem to the writer, therefore, but not to the majority of the court, that the complaint should have negatived the payment of the mortgage debt, since it showed the debt to be past due when the suit was brought.

(2) However, no ground of the demurrer raises this point, and we refrain from a decision upon it, and we mention it merely as a preliminary to saying that we are not of opinion that the complaint should have negatived the solvency of Moon, the alleged maker, or of Cook, the alleged transferror, of the note and mortgage; for even if it be assumed that each was wholly solvent, and that each was personally liable to the plaintiff on the note, such fact would not, like payment, defeat the

latter's right of action for the fraud, but would at most only reduce the damages recoverable. In such event the plaintiff would be entitled at least to nominal damages for the fraud.—*Baker v. Maxwell,* 99 Ala. 558, 14 South. 468.

(3) However, we may add, par parenthesis, that the facts of this case, as subsequently developed on the trial, show that the solvency of said parties could not even reduce the damages recoverable, since it appeared without dispute that the said note contained an express provision, embodied in and as a part of it, to the effect that no other property of the maker should be subject to the debt, except said lot upon which the mortgage was given. The note, therefore, imposed no personal liability on the maker, Moon, and, it not having done so, its transfer, even by indorsement, could not impose any personal liability on the transferror, Cook, because a transferror merely guarantees that the maker will pay the instrument according to its tenor and effect. Consequently the solvency or insolvency of the maker and indorser in this case was immaterial from every standpoint, as their solvency could add nothing to the value of the paper, and the plaintiff's damages would therefore be the difference between the face of the note and the value of the lot which secured its payment.

(4) Another ground of the demurrer upon which stress is laid in appellant's brief is, in substance, that: "For aught appearing from the complaint the alleged simulation of the indebtedness from Moon to Cook was immaterial because, so far as appears from the allegations of the complaint, the obligation was binding in plaintiff's favor upon the defendant, Moon, as the payor, and the codefendant, Cook, as transferror, of the instrument, whether the debt stated therein was simulated or not."

It is probably true that each, Moon, and Cook, would by their alleged representations be estopped, as against plaintiff, from asserting any want of consideration in the note and mortgage, but the fact of the simulation of its consideration was not immaterial to the fraud here charged, since the pretense to plaintiff that Cook had taken from Moon a mortgage on Moon's lot to secure an indebtedness of $675, when in fact there was no indebtedness was a circumstance tending to connect both of the defendants with the alleged fraud, and one which enabled them to better impose on plaintiff's credulity in their false representations as to the value of the lot because a belief by plaintiff of the truth of the pretense that Cook had taken a bona fide mortgage on the lot for $675 was calculated to strengthen plaintiff's belief in the false representation as to the value of the lot, which is the gravamen of the complaint, and to impress him that he was getting in return for his own lot, worth about $425, something more valuable, a mortgage for $675 on property fully worth that and more, whereas it turned out to be worth only $50.

(5) Properly, however, the averment as to the simulation of the indebtedness should have been omitted from the complaint, and might have been stricken on motion, as it was the averment of a mere circumstance, admissible as evidence without averment and tending to support the averment that plaintiff was deceived by the false representations as to the value and location of the property, and tending to show the connection of both defendants with the fraud.

(6) Mere matters of evidence should not be alleged, but the presence of such an allegation does not render a complaint otherwise sufficient demurrable.

(7) Another ground of the demurrer, insisted upon, is to the effect that "the alleged representation as to the value of the Moon lot was, for aught that appears to the contrary, the mere expression of an opinion." Expressions of opinion will support an action for deceit when knowingly false and made with the intent to deceive, and are so acted upon that they do deceive.—*Tuscaloosa v. Foster*, 132 Ala. 393, 31 South. 587.

(8) While statements as to the value of real estate, made for the purpose of inducing another to buy or to accept a lien upon it, may be, and generally are, regarded as the mere expressions of opinion, yet they are not always so regarded, and especially not when coupled either with misrepresentations as to material extrinsic facts, or a concealment of facts, or when artifice is used to prevent inquiry or examination, or when intended and understood as the statement of a fact and not of an opinion.—14 Am. & Eng. Ency. Law (2d Ed.) 37, 38, 42; *Lockwood v. Fitts*, 90 Ala. 150, 7 South. 467; *Maxwell v. Baker, supra; Ansley v. Piedmont Bank,* 113 Ala. 467, 21 South. 59, 59 Am. St. Rep. 122; *Camp v. Camp,* 2 Ala. 632, 36 Am. Dec. 423; *Bullock v. Tuttle,* 90 Ala. 435, 8 South. 69.

(9) The allegation of the complaint here is that the alleged statement as to the value was made as a statement of fact, and was coupled with a positive and material misrepresentation as to the location of the property, affecting its value, and, we think, sufficiently meets the criticism of the demurrer, in this particular. Authorities last cited.

The other grounds of the demurrer are, in our opinion, equally without merit. Authorities last cited; Code, § 2469; *Burroughs v. Pacific Guano Co.*, 81 Ala. 258, 1 South. 212; *Hockensmith v. Winton*, 11 Ala. App. 670,

[Moon, et al. v. Benton.]

66 South. 955; *McCoy v. Prince*, 11 Ala. App. 388, 66 South. 950; 18 Ency. Pl. & Pr. 899 et seq. Some of them are mere general grounds not specifying any defects (Code, § 5340), and some others were cured by an amendment of the complaint. Besides, it appears that they were all refiled to the complaint as amended, and as so refiled were addressed to the complaint as a whole, and not to the separate counts thereof, one of which, as before stated, was the common count for money had and received, which certainly was not subject to any ground of the demurrer. There was no demurrer on the ground of misjoinder of counts. Furthermore, since the adoption of the Code of 1907, counts ex contractu and ex delicto, when appropriate, may be joined in the same complaint, when arising out of the same transaction or relating to the same subject-matter.—Code 1907, § 5329. We are not to be understood as holding, however, that a count for money had and received is appropriate or would lie for the wrong here complained of, where the contract induced by the fraud is not rescinded, but is affirmed and damages are sought for the fraud practiced in inducing it.—8 Ency. Pl. & Pr. 887, 892.

(10) The evidence for the plaintiff tended to support the material averments of the special count, and it was a question for the jury as to whether the representations as to value made by defendant were merely the expressions of an opinion, or were intended as a statement of fact for the purpose of deceiving and as to whether plaintiff was in fact deceived thereby.—14 Am. & Eng. Ency. Law (2d Ed.) 206.

Refused charges 1 and 2 were the affirmative charges, and properly refused for reasons shown.

(11-14) Refused charges 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15 may each be condemned as either being

argumentative or singling out and giving undue prominence to parts of the evidence, or being misleading, or being incorrect statements of the law as applied to the facts.

(15, 16) Refused charge 4 was the affirmative charge as to count 2, which was the common count mentioned for money had and received, and if the charge had been requested as to both defendants, instead of being limited, as it was, solely to the defendant Moon, it should have, for reasons hereinbefore stated, been given, because the facts developed in the evidence disclosed no basis whatever for recovery against either defendant under that count. However, the facts did disclose, as before said, a basis for recovery against both defendants under the first count. Under these circumstances, if the court had given the affirmative charge under the second count for the defendant Moon alone (the shape in which the charge was asked), it would likely have misled and confused the jury into believing there was a difference in the evidence as to his liability and that of the other defendant, authorizing a general verdict in his favor, but not in favor of the other defendant.

We find no error in any of the assignments urged, and the judgment is affirmed.

Affirmed.