(85 South. 593)

### LARREN v. SPALDING MFG. CO. (7 Div. 602.)

(Court of Appeals of Alabama.  Dec. 16, 1919. Rehearing Denied Jan. 13, 1920.)

1. FRAUD ⚷13(2)—AGENT'S KNOWLEDGE OF FALSITY OF REPRESENTATIONS ESSENTIAL TO LIABILITY FOR DECEIT.

Where the agent of defendant to sell a buggy made representations in good faith, not knowing them to be false, and believing them to be true, defendant is not liable to plaintiff buyer in an action of deceit.

2. PRINCIPAL AND AGENT ⚷148(3)—BUYER WHO SIGNED ORDER, PRESUMED TO HAVE KNOWN CONTENTS AS RESTRICTING AGENT'S AUTHORITY.

Where the buyer of a buggy, who knew how to read and write, signed order therefor stipulating against extrinsic agreements, without any misrepresentations of the agent as to its contents, and was not misled, he is presumed to have known its contents, and is bound thereby.

---

⚷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 310.

3. PRINCIPAL AND AGENT ⟨⟩166(4) — No RATIFICATION OF AGENT'S FRAUD WITHOUT KNOWLEDGE THEREOF.

Letters written by the buyer of a buggy and received by the seller, some three or four months after the order for and receipt of the buggy, it not being shown that the seller had any previous knowledge of its agent's fraud in making misrepresentations, did not amount to a ratification thereof.

4. PRINCIPAL AND AGENT ⟨⟩166(4)—NEITHER RECEIPT NOR RETENTION OF PRICE RATIFIED AGENT'S FRAUD.

Neither the reception nor retention by the seller of the purchase money for a buggy sold through an agent worked a ratification, or involved the seller in liability for the fraud of the agent, in the absence of knowledge by the seller of all facts and circumstances.

5. SALES ⟨⟩277—WARRANTY OF BUGGY CONSTRUED AS WHOLE.

Written warranty of a buggy sold should have been construed as a whole.

6. SALES ⟨⟩286—PURCHASER WHO FAILED TO COMPLY WITH TERMS OF WARRANTY CANNOT HOLD SELLER THERETO.

Where purchaser failed to comply with written warranty by returning defective parts, freight charges prepaid, he cannot hold seller to warranty, which must be taken as a whole; general warranty that buggy was to be free from defective material and workmanship, though good as such, being available only as agreed to, subject to condition defective parts should be returned within a year.

Appeal from Circuit Court, Cleburne County; Hugh D. Merrill, Judge.

Action by S. P. Larren against the Spalding Manufacturing Company for breach of contract in the sale of a buggy and for deceit. From a judgment for defendant, plaintiff appeals. Affirmed.

See, also, 16 Ala. App. 359, 77 South. 971. The second count of the complaint is as follows:

"The plaintiff claims of the defendant the further sum of one hundred and fifteen dollars, damages for deceit in the sale of a buggy, which the defendant at the time of the sale knew to be unsound, or could have known it by the exercise of reasonable diligence."

The written warranty referred to in the opinion is as follows:

"We hereby guarantee the vehicle delivered to purchaser as per receipt on the reverse side hereof to be free from defective material or workmanship. If any part of the vehicle above mentioned shall prove defective in workmanship, or show defective material, we will replace such part promptly, without charge upon its return to us. Parts returned for repairs must be plainly marked with name of sender and P. O. address. Freight charges must be prepaid. We pay return charges on goods returned for repairs or exchange. We do not pay repair bills. All claims under this guaran-

ty, must be made immediately after breakage, and full statement of facts sent us.

"Our customers must be very careful to keep tires tight on wheels. This is absolutely necessary to preserve the life of the wheel. This guaranty is to remain in force for a period of one year from date of receipt on the reverse side hereof, and is transferable only on notification to the company. Any alterations or additions to this guaranty will not be binding on us. We do not guarantee rubber tires.

"Spalding Mfg. Co."

S. W. Tate, of Anniston, for appellant.

Plaintiff had three remedies: (1) To return the property and rescind the contract within a reasonable time; (2) keep the property and pay its reasonable value; or (3) bring his action for breach of the warranty. 82 Ala. 235, 2 South. 302; 59 Ala. 653; 133 Ala. 586, 32 South. 494, 91 Am. St. Rep. 54; 86 Ala. 116, 5 South. 253; 79 Ala. 410. A principal is liable for the fraudulent acts of his agent within the scope of his employment, although unauthorized or unknown to him. 14 Ala. App. 152, 68 South. 593. Fraud in the execution of an instrument is available in the court of law. 135 Ala. 516, 33 South. 331; 16 Ala. App. 359, 77 South. 971. Under the contract the plaintiff had the option to return the articles, or to retain them and to sue for the damages. 56 Conn. 489, 15 Atl. 405, 1 L. R. A. 339; 10 Cush. 88; 90 Va. 714, 19 S. E. 846; (Tex. Civ. App.) 26 S. W. 132; 116 Ill. App. 472: 86 Ala. 116, 5 South. 253: 73 Ala. 446; 73 Ala. 274; 70 Ala. 141; 66 Ala. 401; 112 Ala. 436, 20 South. 624.

Ross Blackmon, of Anniston, for appellee.

Under the facts there could be no recovery on count 2. 14 Ala. App. 154, 68 South. 593; 12 Ala. App. 464, 67 South. 754; 132 Ala. 392, 31 South. 587. The plaintiff, under the contract, is estopped to set up any representations not contained in the signed contract. 145 Ala. 331, 40 South. 393; 167 Ala. 372, 52 South. 433; 144 Ala. 545, 39 South. 359; 157 Ala. 521, 48 South. 105. The court correctly construed the warranty. 114 Ala. 288, 21 South. 818; 114 Ala. 442, 21 South. 960; 94 Iowa, 144, 62 N. W. 700; 52 Ind. App. 496, 96 N. E. 395; 32 Utah, 229, 89 Pac. 1009, 12 L. R. A. (N. S.) 540; 14 Ala. App. 154, 68 South. 593. There was no ratification. 73 Ala. 454.

MERRITT, J. [1] It would serve no good purpose to enter into a consideration of the sufficiency of count 2 of the complaint, as it was not subjected to demurrer, and under the view we take of the facts as developed, the evidence was insufficient to sustain the count for the deceit alleged therein. This count was based on the alleged fraud and deceit of defendant's agent in the sale of a bug-

---

gy to the plaintiff. The plaintiff and his witness stated that it was true, in so far as they knew, that the defendant's agent, who negotiated the sale, made the representations concerning the buggy in good faith, not knowing such representations to be false, and believing them to be true. In actions of deceit, knowledge of the falsehood constitutes an essential element. Baker v. Clark, 14 Ala. App. 154, 68 South. 593; Kilby Locomotive & Mach. Works v. Lacey & Son, 12 Ala. App. 464, 67 South. 754.

Whatever verbal trade or understanding may have been had by the plaintiff and defendant's agent was supposed to be embraced in the written order dated March 13, 1916, and signed by the plaintiff, requesting the defendant to ship him the buggy, and it is expressly stipulated in this order:

"This memorandum contains all agreements made with your salesman. This sale and order are not subject to change or countermand."

[2] There is no contention that the plaintiff was induced to sign this order under any misrepresentation as to its contents; plaintiff testified that he could read and write, and this was shown to be the order sent to defendants, and the one upon which the buggy was shipped; that he was not misled. It is well settled, under circumstances like these, that "the defendant signed the contract and must be presumed to have known its contents." Fulton v. Sword Medicine Co., 145 Ala. 531, 40 South. 393; Green v. Lineville Drug Co., 167. Ala. 372, 52 South. 433.

[3, 4] It was not shown that the defendant's agent was authorized by his principal to have made the statements claimed by plaintiff to have been made by him, and, should it be considered that the written contract did not embody all the terms and conditions thereof, the plaintiff failed to show the agent's authority to bind his principal in the making of such statements. The letters written by the plaintiff and received by defendant some 3 or 4 months after the order for and receipt of the buggy, it not being shown that defendant had any previous knowledge of the agent's fraud, did not amount to a ratification. Neither the receiving nor retaining of the purchase money worked a ratification nor involved the principal in liability for the fraud of the agent. There can be no ratification unless there is a previous knowledge of all the facts and circumstances attending the act to be ratified. Herring et al. v. Skaggs, 73 Ala. 454.

On June 1, 1916, plaintiff wrote his first letter to defendant, stating that "I bought one of your buggies with the contract that the company would send me a five-year guaranty." When the buggy was delivered to plaintiff, a receipt for the delivery was signed for the buggy by the plaintiff, and the original receipt is attached to appellant's brief. This receipt is dated March 24, 1916, and among other things recites that the buggy is received in good condition and in accordance with the written guaranty, expressed therein, that it "is to remain in full force for a period of one year." It appears that, as regards the time limit of the guaranty, while the plaintiff now contends the agent in selling the buggy guaranteed it for five years, that the written receipt signed by him and now presented in original form to the court for inspection, shows a guaranty for only one year; and it is noticeable that in each of plaintiff's letters to defendant that he nowhere refers to the written receipt he had given for the buggy and no doubt had then in his possession.

[5] Count 3 was for breach of warranty in the sale of the buggy. To recover under this count it was necessary for the court to construe the written warranty according to plaintiff's contention. The appellant's contention is that the words of the receipt, "We hereby guarantee the vehicle delivered to purchaser as per the receipt on the adverse side hereof to be free from defective material or workmanship," make a full and complete warranty within themselves, and the appellees contend that the paper should be construed as a whole. These words are in the receipt, given by plaintiff at the time of the delivery of the buggy, bearing date March 24, 1916. Parties have a right to embrace whatever terms or conditions they may see fit in their contracts, and it was within the power of the defendant to embody in the warranty and as a part thereof that any defective part should be returned to it, freight charges prepaid, and other conditions therein named. The written warranty should have been construed as a whole, and in so doing was in keeping with the decisions of our Supreme Court. Brush Electric Light & Power Co. v. City Council, 114 Ala. 433, 21 South. 960.

[6] It seems that the plaintiff recognized his duty to return the defective parts of the buggy as provided for in the warranty, for he testified that he put the wheels and top in the depot addressed to defendant, but did not prepay the freight or fulfill other conditions as required in the warranty. To hold the defendant up to the terms of the contract it was necessary for the plaintiff to live up to them himself. He cannot claim the benefits and reject the burdens. It would be to allow plaintiff to divide the contract, accepting the favorable part and rejecting the unfavorable part.

The general warranty that the buggy was "to be free from defective material and workmanship" was good as such, but was available only in the way and manner agreed to in the receipt; that is, that the defective

parts should be returned, freight prepaid, etc., and within one year.

So construing the contract, guaranty, order, and receipt in the light of all the circumstances, what was done, said, and written, construing the papers as a whole, and giving some meaning to all' the parts thereof, and seeking withal to ascertain the intentions of both parties, we are to the conclusion that the judgment of the trial court is free from error, and therefore the case must be affirmed.

Affirmed.