(105 So. 198)

**LILES et al. v. PENTECOST. (7 Div. 584.)**

(Supreme Court of Alabama. June 25, 1925.)

**1. Fraud ⬉⟶58(1)—Evidence of false representations in exchange of automobiles held sufficient.**

In action of deceit for false representations in exchange of automobiles, evidence *held* sufficient to make case for plaintiff.

**2. Appeal and error ⬉⟶1005(3)—Denial of new trial not disturbed on appeal, in view of conflicting evidence.**

In action of deceit for false representations in exchange of automobiles, where evidence was in conflict, action of trial court in denying new trial will not be disturbed.

**3. Fraud ⬉⟶57—Evidence of cost of repairing automobile traded held admissible.**

In action of deceit for false representations in exchange of automobiles that automobile was new, where from plaintiff's evidence it could be reasonably inferred that cost of taking out piston rods and putting in new pistons was result of fact that car traded was not new, testimony showing such cost was properly admitted.

**4. Fraud ⬉⟶59(2)—Measure of damages difference between actual value and represented value.**

As general rule, measure of damages for false representations as to property sold or exchanged is difference between actual value at time of sale or exchange and represented value.

**5. Fraud ⬉⟶59(1)—On return of property received recovery limited to value of property given in exchange.**

In action of deceit based on fraudulent representations in exchange of automobiles, where plaintiff had returned automobile received, measure of damages was value of property given by plaintiff.

**6. Fraud ⬉⟶58(1)—Evidence held to support judgment for fraud in exchange of automobiles.**

In action of deceit for fraudulent representations in exchange of automobiles, where plaintiff had returned automobile received, evidence *held* sufficient to support judgment for plaintiff for $250.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action of deceit by R. L. Pentecost against J. V. Liles and Luther Jordan, late partners under the firm name of the Liles-Jordan Auto Company. Judgment for plaintiff, and defendants appeal. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Joe Duke and W. T. Murphree, both of Gadsden, for appellants.

In action for deceit in the sale of chattels, the measure of damages is not the cost of repairs made on the defective article, but the difference between the value of the article sold and as represented. Tillis v. Smith Sons Lbr. Co., 188 Ala. 122, 65 So. 1015; 7 Michie's Ala. Dig. 501. Fraud is never presumed, but must be clearly proved. Thames v. Rembert, 63 Ala. 561; Harrell v. Mitchell, 61 Ala. 270; Wallace v. Crosthwait, 196 Ala. 356, 71 So. 666.

Motley & Motley, of Gadsden, for appellee.

Misrepresentation of a material fact, made willfully to deceive, is a legal fraud. Code 1923, §§ 8049, 8050; Tillis v. Smith Sons Lbr. Col., 188 Ala. 122, 65 So. 1015. For measure of damages, see 27 C. J. 94, § 243.

GARDNER, J. This appeal is from a judgment in the sum of $250 recovered by appellee against appellant in an action of deceit. The cause was tried before the court without a jury.

[1] The plaintiff purchased a car from defendant, giving in exchange his used car, valued by the parties at $235, and paid two installment notes of $31 or $32 each. Plaintiff insists the car he purchased was to be a new car, and that he later discovered it was a "bad secondhand" car. He made no further payments, and defendant repossessed itself of the car; plaintiff stating he told them "they could have the automobile back." Plaintiff testified defendant told him they would give him a new car, while defendant insists the car sold plaintiff had been used to some extent—of which fact plaintiff was informed—but he selected the car himself, as it had on it some extra equipment.

There was evidence also tending to show the car purchased "looked exactly like a new car, and absolutely showed no abuse." It was without dispute, however, that the car had been previously sold, and used by a Mr. Holt, who had returned it in exchange for another, but as to the length of time used by Holt before its return the evidence is in conflict. One Talley, who at the time was in defendant's employ, and who testified that he made the trade with plaintiff,

stated that he told plaintiff he would "swap him a new car for his old one," and admits the car sold was not a new car. Sherrod, a witness for the defendant, and who also was in its employ, states on re-cross examination he "told plaintiff this was a new car." The price to be paid was the price of a new car.

[2] These references will suffice to show the sufficiency of the evidence to make out the case of deceit as alleged, and that the insistence of counsel to the contrary is without merit. The evidence was in conflict, and the action of the court in overruling the motion for a new trial will not be here disturbed.

[3] The bill for repairs of $19.60 was not for repair of damages on account of the freeze, according to plaintiff's testimony, but "was for taking out the piston rods, and putting in new pistons," which was rendered necessary "just a little while" after the purchase of the car. Plaintiff further stated a new car would not wear out piston rings within two months.

From plaintiff's evidence it may be very reasonably inferred that the cost of these repairs was a result of the fact that the car was not a new car, and the testimony to this effect was admitted without error.

[4] It is next insisted there was no evidence as to the proper measure of damages. The general rule as to measure of damages in cases of this character is the difference between the actual value of the property at the time of the sale or exchange and its represented value. Tillis v. Lbr. Co., 188 Ala. 122, 65 So. 1015; 27 Corpus Juris, 92.

[5] Here, however, the property purchased has been returned, and under the circumstances of this case the general rule would not measure the loss sustained. The limitation upon the general rule, applicable here, is well stated in 27 Corpus Juris, 94, as follows:

"The rule that a defrauded purchaser's damages are to be measured by the difference between the real and represented values of the property purchased does not apply where, because of the peculiar circumstances of the case involved, such difference fails to measure accurately the loss sustained, as where the purchaser rescinds and returns the property received, or where he received nothing of value, but in such cases he may properly recover the amount he paid with interest from the date of payment, or, in the case of an exchange, the value of the property given by plaintiff, and his recovery will be limited to such amount."

See, also, Kilby Locomotive Wks. v. Lacey, 12 Ala. App. 464, 67 So. 754.

[6] The facts hereinbefore referred to sufficiently disclose that the loss sustained by plaintiff fully measured up to the judgment rendered, and the contention that the evidence was not sufficient to furnish a reasonable basis for assessment of damages is not well taken.

We have considered the assignments of error urged in brief, and, finding no reversible error, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.